IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>APACHE JUNCTION HOSPITAL, LLC dba ARIZONA REGIONAL MEDICAL CENTER,<br><br>Debtor. | In Proceedings Under Chapter 11<br><br>Case No. 4:13-bk-18188-EWH<br><br>**ORDER APPROVING APPLICATION BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER APPROVING THE EMPLOYMENT OF EMERALD CAPITAL ADVISORS** |

This matter came before the Court on the *Application By The Official Committee Of Unsecured Creditors For An Order Approving The Employment Of Emerald Capital Advisors* (the "**Application**") filed by the OFFICIAL COMMITTEE OF UNSECURED CREDITORS (the "**Committee**") in the above-captioned Chapter 11 bankruptcy case of APACHE JUNCTION HOSPITAL, LLC dba ARIZONA REGIONAL MEDICAL CENTER (the "**Debtor**"). In the Application, the Committee asks the Court to enter an Order authorizing the Committee to employ EMERALD CAPITAL ADVISORS ("**Emerald**") as Financial Advisor to the Committee. The Application is supported by the *Verified Bankruptcy Rule 2014(a) Statement Of John P. Madden With Respect To Application For An Order Under 11 U.S.C. §§ 328(a) And 1103 Authorizing And Approving The Employment And Retention of Emerald Capital Advisors As*

*Financial Advisors To The Official Committee Of Unsecured Creditors Nunc Pro Tunc To November 5, 2013* (the "**Madden Statement**") which is incorporated into this Order.

With respect to the Application, the Court finds and concludes as follows:

1. On October 17, 2013, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

2. The Application presents a "core proceeding" over which this Court has jurisdiction to enter a final order under 28 U.S.C. §§ 157 and 1334.

3. Emerald is "disinterested" within the meaning of 11 U.S.C. §§ 101(14).

4. No objections have been filed to the Application.

Based on the Application, the Madden Statement, the entire record before the Court, and good cause appearing,

IT IS ORDERED that:

A. The Application is approved in its entirety.

B. The Committee's employment of Emerald is effective as of November 5, 2013.

C. The Committee's arrangements for employment of Emerald for its professional compensation, and for reimbursement of its costs, disbursements, and expenses are approved as those arrangements are stated in the Application and the supporting Madden Statement, such arrangements being expressly subject to the Court's approval of all requests for professional compensation and reimbursement of costs, disbursements, and expenses in accordance with 11 U.S.C. § 330, and orders of this Court.

**DATED AND SIGNED AS INDICATED ABOVE.**