Thomas J. Salerno (AZ Bar No. 007492) thomas.salerno@squiresanders.com
Bradley A. Cosman (AZ Bar No. 026223) bradley.cosman@squiresanders.com
K. Derek Judd (AZ Bar No. 028565) derek.judd@squiresanders.com
**SQUIRE SANDERS (US) LLP**
One East Washington Street, Suite 2700
Phoenix, Arizona 85004
(602) 528-4000

Counsel to Debtor-In-Possession

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Case No. 4:13-bk-18188-EWH |
| APACHE JUNCTION HOSPITAL, LLC, | Chapter 11 |
| Debtor. | **MOTION FOR ORDER:** |
| | **(A) CONDITIONALLY APPROVING DISCLOSURE STATEMENT;** |
| | **(B) AUTHORIZING SOLICITATION OF VOTES ON PLAN;** |
| | **(C) APPROVING SOLICITATION PROCEDURES;** |
| | **(D) SCHEDULING EVIDENTIARY HEARING ON CONFIRMATION OF PLAN; AND** |
| | **(E) APPROVING FORM, MANNER AND SUFFICIENCY OF NOTICE** |
| | **Proposed Combined Confirmation and Disclosure Statement Hearing Date: Week of December 23, 2013** |

APACHE JUNCTION HOSPITAL, LLC, debtor-in-possession in the above-captioned

chapter 11 case (the "**Debtor**"), files this Motion for an order under §§ 105(a), 1125, and 1128:[1]

---

[1] Unless otherwise indicated, all chapter and section references in this Motion are to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* All "Rule" references are to the Federal Rules of Bankruptcy Procedure.

(a) conditionally approving the *Disclosure Statement in Support of Amended Joint Plan* jointly filed by the Debtor and the Official Committee of Unsecured Creditors (the "**Committee**") on November 18, 2013 (the "**Disclosure Statement**") [D.E. 98]; (b) authorizing solicitation of votes on the *Amended Joint Plan* jointly filed by the Debtor and the Committee on November 18, 2013 (the "**Plan**") [D.E. 97]; (c) approving the proposed procedures for solicitation of votes on the Plan; (d) scheduling a combined evidentiary hearing on final approval of the Disclosure Statement and confirmation of the Plan; and (e) approving the form, manner and sufficiency of notice.

This Motion is supported by the entire record before the Court, the *Omnibus Statement of Facts and Declaration of G. Grant Lyon in Support of First Day Pleadings* (the "**Lyon Declaration**"), and by the following memorandum of points and authorities.

## BACKGROUND

### Jurisdiction and Venue

1. On October 17, 2013 (the "**Petition Date**"), the Debtor filed a voluntary petition in this Court for relief under chapter 11.

2. The Debtor continues to operate its business and manage its assets as debtor-in-possession under 11 U.S.C. §§ 1107 and 1108.

3. This Court has jurisdiction over this chapter 11 case under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2).

4. The Debtor is an Arizona limited liability company having its principal place of business in Pinal County, Arizona. Therefore, venue for the Debtor's chapter 11 case is proper in this District under 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicates for the relief requested in this Motion are §§ 105, 1125, and 1128 and Rules 2002, 3017, 3018, 3020, 9006, and Local Bankruptcy Rule 9014-2.

6. The Committee was appointed on November 4, 2013.

**RELIEF REQUESTED AND BASIS FOR RELIEF**

7. By this Motion, the Debtor respectfully requests that this Court enter an order in the form attached as <u>Exhibit A</u> (the "**Disclosure Statement Order**"): (a) Conditionally approving the Disclosure Statement; (b) authorizing solicitation of votes on the Plan; (c) approving solicitation procedures for voting on the Plan (the "**Solicitation**"); (d) scheduling a combined hearing to consider final approval of the Disclosure Statement and evidentiary hearing for confirmation of the Plan (the "**Combined Hearing**"); and (e) approving the form, manner, and sufficiency of notice.

**BASIS AND AUTHORITY FOR RELIEF**

A.     <u>**Conditional Approval of the Disclosure Statement**</u>

8. This is a liquidating chapter 11 case. To expedite the plan confirmation process and minimize administrative expenses, the Debtor requests that the Court: (i) conditionally approve the Disclosure Statement as containing information sufficient to satisfy section 1125(b) of the Bankruptcy Code, subject to final approval at the Combined Hearing; and (ii) authorize the Debtor to commence Solicitation of votes to accept or reject the Plan as soon as practicable after entry of the Disclosure Statement Order. Conditional approval of the Disclosure Statement at this time will enable the Debtor to timely commence Solicitation, eliminate the need for the scheduling of a separate disclosure statement hearing, shorten the length of this chapter 11 case, facilitate the confirmation and consummation of the Plan, and significantly reduce administrative expenses.

9.      Classes 2, 3, and 4 are impaired and entitled to vote under the Plan. All Class stakeholders have received sufficient notice of the Disclosure Statement under Rule 3017 and will have the opportunity to be heard and to object to the adequacy of the Disclosure Statement at the Combined Hearing.

10.     Conditional approval of the Disclosure Statement will not prejudice any creditors' ability to object to adequacy of the Disclosure Statement prior to the Combined Hearing. The Debtors are not aware of any parties-in-interest that oppose conditional approval of the Disclosure Statement to facilitate the timely consummation of the Plan. Furthermore, all creditors entitled to vote on the Plan will receive at least 30 days' notice of the Combined Hearing and will have the opportunity to be heard and to object to the adequacy of the Disclosure Statement prior its final approval at the Combined Hearing.

11.     Section 105(d) of the Bankruptcy Code specifically provides "that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan." § 105(d)(2)(B)(vi). Section 1128(a) of the Bankruptcy Code requires that "after notice, the court shall hold a hearing on confirmation of a plan." § 1128(a). Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court . . . may fix a date for the hearing on confirmation" of a chapter 11 plan. Rule 3017(c). In addition, Rule 2002(b) requires 28 days' notice of any hearing to consider approval of a disclosure statement or confirmation of a chapter 11 plan.

12.     Combined hearings for approval of disclosure statements and plan confirmation are common. *See, e.g., Burns v. Macgibbon (In re Macgibbon)*, 2006 Bankr. LEXIS 4875 at *4 (B.A.P. 9th Cir. June 23, 2006); *In re Swift Air, LLC*, Case No. 2:12-bk-14362-DPC, Docket Entry No. 624 (Bankr. D. Ariz.).

13.     Similarly, this Court has the authority to conditionally approve the Disclosure Statement and consider final approval of the Disclosure Statement in conjunction with confirmation of the Plan.

14.     Bankruptcy Code § 1125(b) requires that, prior to plan solicitation, a plan proponent provide a disclosure statement that contains adequate information regarding the proposed plan. § 1125(b)(1).  Section 1125(a) defines "adequate information" as:

> [I]nformation of the kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information . . . .

§ 1125(a)(1).

15.     The amount and type of information required to satisfy § 1125(a) must be determined on a case-by-case basis.  The legislative history of § 1125 indicates that the threshold of what constitutes "adequate information" is flexible and based on the circumstances of each case. Specifically, the legislative history provides:

> Precisely what constitutes adequate information in any particular instance will develop on a case-by-case basis. Courts will take a practical approach as to what is necessary under the circumstances of each case.

H.R. Rep. No. 95-595, 95th Cong., 1st Sess. at 409 (1977).

16.     Courts also have broad discretion to determine what constitutes adequate information necessary to satisfy the requirements of § 1125(a). *See In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001) ("The general language of the statute and its

surrounding legislative history make clear that the determination of what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court") (internal quotations omitted); *see also In re 3DFX Interactive, Inc.*, 2006 Bankr. LEXIS 1498 (N.D. Cal. 2006) ("Section 1125 affords the Bankruptcy Court substantial discretion in considering the adequacy of a disclosure statement . . . . '[A]dequate information' within the meaning of § 1125(a)(1) is not a static concept: Precisely what constitutes adequate information in any particular instance will develop on a case-by-case basis"). This grant of discretion was intended to facilitate a debtor's effective emergence from chapter 11 in the broad range of businesses in which chapter 11 debtors engage. *See* H.R. Rep. No. 595, 95th Cong., 1st Sess. 408-409 (1977). A disclosure statement must provide creditors entitled to vote on the plan with information that is "reasonably practicable" to permit an "informed judgment." *Cohen v. Tic Fin. Sys. (In re Ampace Corp.)*, 279 B.R. 145, 158 n.26 (Bankr. D. Del. 2002). The general purpose of the disclosure statement is to set forth sufficient facts and information to permit a creditor to make an informed evaluation of the merits of the plan. *See Century Glove, Inc. v. First American Bank of New York*, 860 F.2d 94, 100 (3d Cir. 1988); *Phoenix Petroleum*, 278 B.R. at 392.

17.     To determine whether a disclosure statement contains adequate information, courts typically expect the following elements to be included in a disclosure statement, where applicable to the circumstances of the case:  (a) the events leading to the filing of a bankruptcy petition; (b) a description of the available assets and their values; (c) the anticipated future of the company; (d) the source of information stated in the disclosure statement; (e) a disclaimer; (f) the present condition of the debtor while in chapter 11; (g) the scheduled claims; (h) the estimated return to creditors under a chapter 7 liquidation; (i) the accounting method utilized to produce

financial information and the name of the accountants responsible for such information; (j) the future management of the debtor; (k) the chapter 11 plan or a summary of it; (l) the estimated administrative expenses, including attorneys' and accountants' fees; (m) the collectability of accounts receivable; (n) financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the plan; (o) information relevant to the risks posed to creditors under the plan; (p) the actual or projected realizable value from recovery of preferential or otherwise voidable transfers; (q) litigation likely to arise in a nonbankruptcy context; (r) tax attributes of the debtor; and (s) the relationship of the debtor with affiliates. *See Phoenix Petroleum*, 278 B.R. at 393, n.6.

18. Included in the Disclosure Statement is a liquidation analysis and an effective date balance sheet (collectively, the "**Analyses**"). Interested parties thus have sufficient time to review the Analyses prior to the Combined Hearing, to object prior to any final approval, and to vote on the Plan. As such, the Debtor submits that conditional approval of the Disclosure Statement is appropriate.

19. The Disclosure Statement contains adequate information, as required by Bankruptcy Code § 1125, so that each voting class will be able to make an informed decision in voting to accept or reject the Plan. The Debtor submits that the Disclosure Statement is comprehensive and contains the type of information described above. Indeed, the Disclosure Statement includes complete discussions of: (a) the features, terms, and provisions of the Plan; (b) significant events preceding the Debtor's chapter 11 case; (c) the Debtor's prepetition operations and businesses; (d) the Debtor's prepetition credit facilities and capital structure; (d) significant event in the Debtor's chapter 11 case; (e) a detailed description of the methodology of funding the Plan and making distributions to creditors; (g) a description of the

nature and extent of likely claims against the Debtor's estate; (h) the risk factors affecting the Plan; (i) an analysis setting forth the estimated return that creditors and equity holders will receive under the Plan; and (j) the federal tax consequences of the Plan.

20. Based upon the foregoing, conditional approval of the Disclosure Statement is consistent with Bankruptcy Code § 1125, and such conditional approval, subject to final approval at the Combined Hearing, is in the best interest of the Debtor's estate.

**B.**     <u>**Scheduling of Combined Hearing for Final Approval of Disclosure Statement**</u>

21. The Debtor respectfully requests that the Court schedule the Combined Hearing as early as **December 23, 2013**, to, among other things (as described more fully below with respect to confirmation of the Plan), consider final approval of the Disclosure Statement. The Combined Hearing may be continued from time to time by the Bankruptcy Court or the Debtor without further notice other than adjournments announced in open court.

22. Bankruptcy Rule 3017(a) provides:

> [A]fter a disclosure statement is filed in accordance with Rule 3016(b), the court shall hold a hearing on at least 28 days' notice to the debtor, creditors, equity security holders and other parties in interest as provided in Rule 2002 to consider the disclosure statement and any objections or modifications thereto. The plan and the disclosure statement shall be mailed with the notice of the hearing only to the debtor, any trustee or committee appointed under the Code, the Securities and Exchange Commission, and any party in interest who requests in writing a copy of the statement or plan.

Rule 3017(a).

23. Bankruptcy Rules 2002(b) and (d) require notice by mail to all creditors, indenture trustees, and equity security holders of the time set for filing objections to, and the hearing to consider approval of, a disclosure statement. In order to satisfy these requirements, if and when the Court enters the Disclosure Statement Order, the Debtor will mail a copy of the Disclosure Statement Order and the notice attached as <u>Exhibit B</u> to this Motion (the "**Combined**

**Hearing Notice**") by first class mail to all persons on the master mailing matrix and, any known holders of claims against or equity interests in the Debtor, and all other parties-in-interest that filed a request for notices under Rule 2002 in this chapter 11 case. The Debtor will also e-mail the Disclosure Statement Order and the Combined Hearing Notice to the e-mail service list the Debtor has been maintaining during the pendency of this chapter 11 case.

24.    In accordance with Bankruptcy Rule 3017(a), the Debtor will include a copy of the Disclosure Statement Order, the proposed Disclosure Statement, and the Plan, along with the Combined Hearing Notice, to the Office of the United States Trustee and to counsel to the Committee. The Debtor will also provide copies of the proposed Disclosure Statement and the Plan to any party-in-interest who specifically requests them in the manner specified in the Combined Hearing Notice and Bankruptcy Rule 3017(a). Copies of the proposed Disclosure Statement and the Plan will also remain on file with the Office of the Clerk of the Bankruptcy Court and viewable through access to the PACER and ECF systems.

25.    The Debtor further requests that the Court require that all objections to final approval of the Disclosure Statement:  (a) be in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules; (c) set forth the name of the objector, and the nature of the amount of any claim or equity security interest asserted by the objector against the estate or property of the Debtor; (d) state with particularity the legal and factual basis for such objection; and (e) be filed with the Clerk of the United State Bankruptcy Court for the District of Arizona, together with proof of service thereof, and served by personal service or overnight delivery, so as to be received no later than **5:00 p.m. Arizona Time, seven calendar days before the Combined Hearing by**:    (i) counsel to the Debtor, (ii) counsel to the Committee, and (iii) the Office of the United States Trustee.

26.     The Debtor respectfully submits that the foregoing procedures provide adequate notice for final approval of the Disclosure Statement at the Combined Hearing under the Rules and, accordingly, requests that the Court approve the Combined Hearing Notice and deem that notice sufficient for these purposes.

## C.     Scheduling of Combined Hearing as Evidentiary Confirmation Hearing

27.     Bankruptcy Rule 3017(c) provides:

> On or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation.

Fed. R. Bankr. P. 3017(c).

28.     In accordance with these provisions, and in view of the Debtor's proposed solicitation schedule set forth in this Motion, the Debtor requests that the Combined Hearing (to take place during as early **December 23, 2013**), be the date for a hearing on confirmation of the Plan. Furthermore, the Debtor respectfully requests that the Combined Hearing be an evidentiary hearing to consider confirmation of the Plan in accordance with Local Bankruptcy Rule 9014-2(b). In this regard, the Debtor respectfully submits that an evidentiary hearing as early as December 23, 2013 will provide parties-in-interest sufficient time to prepare evidence in support or opposition of confirmation of the Plan, and that a Rule 7016 scheduling conference is not necessary. The Debtor does not believe any party will be appearing *pro se*.

29.     If any party-in-interest objects to the Debtor's request to schedule the Confirmation Hearing as an evidentiary hearing, or otherwise believes that additional time, evidence, or discovery than what the Debtor submits above will be necessary, or that a Rule 7016 scheduling conference is necessary, or if a party will be appearing *pro se*, the Debtor respectfully requests that such party-in-interest file a written statement (a "**Confirmation Statement**") with

the Court containing the following: (a) the amount of time such party-in-interest believes will be necessary for the Court to receive all evidence; (b) when the party-in-interest will be ready to present its evidence, if any; (c) the estimated time the party-in-interest believes it needs to complete discovery; (d) whether a Rule 7016 scheduling conference is necessary; and (e) whether such party-in-interest will be appearing *pro se*. The Confirmation Statement must be filed with the Court **on or before the day that is 14 days before the Combined Hearing.**

30.    The Debtor respectfully requests that any party-in-interest that does not timely file and serve a Confirmation Statement will be: (a) precluded from asserting that the Combined Hearing should not be an evidentiary hearing; (b) precluded from requesting that additional time, evidence, or discovery be submitted in opposition to the Plan; (c) precluded from requesting that a Rule 7016 scheduling conference be held; and (d) precluded from continuing or otherwise delaying the Combined Hearing because such party-in-interest is not represented by counsel.

31.    Prior to the Combined Hearing, the Debtor will work with any party-in-interest that timely files and serves a Confirmation Statement to accommodate such party-in-interest's need for time, evidence, discovery, or other concern regarding the Combined Hearing.

32.    The proposed date and procedures for the Combined Hearing comply with the applicable Bankruptcy Rules, will provide parties-in-interest with ample time to consider any possible objections to confirmation of the Plan, and will enable the Debtor to pursue confirmation of the Plan without needless and costly delay. The Debtor's request for an evidentiary hearing also allows parties sufficient time to arrange their schedules before the Combined Hearing to accommodate any additional time, evidence, or discovery that may be necessary for the Confirmation Hearing.

**D.**     **Procedures for Notice of the Combined Hearing for Plan Confirmation**

33.     Bankruptcy Rule 2002(b) and (d) require not less than 28 days' notice by mail to all creditors, indenture trustees, and equity security holders of the time set for filing objections to, and the hearing to consider, confirmation of a chapter 11 plan.

34.     In accordance with Bankruptcy Rules 2002 and 3017(d), the Debtor proposes to provide to all creditors and equity security holders a copy of the Combined Hearing Notice, substantially in the form attached to this Motion as Exhibit B, which, in addition to the information regarding final approval of the Disclosure Statement (set forth above), will provide: (a) the time fixed for filing objections to confirmation of the Plan; and, (b) the time, date, and place of the Combined Hearing to consider confirmation of the Plan. The Combined Hearing Notice will also advise parties how and where to obtain copies of the Plan and Disclosure Statement.

35.     The Debtor respectfully submits that the foregoing procedures will provide adequate notice of the Combined Hearing to consider confirmation of the Plan, and time fixed for filing objections to confirmation of the Plan and, accordingly, requests that the Bankruptcy Court approve the notice as adequate for these purposes.

36.     Under Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court." The Combined Hearing Notice provides, and the Debtor requests that the Court direct, that any objections to confirmation of the Plan must: (a) be in writing; (b) state the name and address of the objecting party and the nature and amount of the claim or interest of that party; (c) state with particularity the basis of any objection and include, where appropriate, proposed language for any modification to the Plan; (d) conform to the Bankruptcy Rules and the Local Rules; and, (e) be filed, together with proof of service, with

the Bankruptcy Court and served so that they are **received** on or before **5:00 p.m. Arizona Time seven days before the date set for the Combined Hearing** (the "**Confirmation Objection Deadline**") by (i) counsel for the Debtor, (ii) counsel to the Committee, and (iii) the Office of the United States Trustee. This deadline will allow the Bankruptcy Court, the Debtor, and parties-in-interest sufficient time to consider objections and proposed modifications before the Combined Hearing to consider confirmation of the Plan.

**E.**     **Voting Deadline for Receipt of Ballots**

37.     The Debtor requests that the Bankruptcy Court fix a date that is **seven days before the Combined Hearing** as the time within which the holders of claims may accept or reject the Plan in accordance with Rule 3017(c) (the "**Voting Deadline**").

**F.**     **Approval of Form of Ballots**

38.     Bankruptcy Rule 3017(d) requires the Debtor to mail a form of ballot, substantially conforming to the applicable Official Form, only to "creditors and equity security holders entitled to vote on the plan." The Debtor proposes to distribute to all creditors entitled to vote on the Plan one or more ballots in the form of the ballots attached to this Motion as Exhibit C (collectively, the "**Ballots**"). The forms for the Ballots are modeled after the applicable Official Form, but have been modified to address the particular aspects and issues relevant to this chapter 11 case and the terms of the Plan.

39.     The Ballots will be distributed to holders of claims in Classes 2, 3 and 4 under the Plan, which are the only Classes entitled to vote to accept or reject the Plan under § 1126.

40.     Class 1 is unimpaired under the Plan and deemed to accept the Plan under § 1126(f). Class 5 will not receive or retain any property on account of the Plan, and is deemed to have rejected the Plan under § 1126(g). Parties in Classes 1 and 5 will not receive Ballots.

**G.**     <u>Transmittal of Solicitation Packages</u>

41.     In accordance with Rule 3017(d), the Debtor will commence the Solicitation by transmitting by mail a solicitation package (the "**Solicitation Package**") to holders of impaired claims entitled to vote on the Plan. The Solicitation Package will consist of: (a) a compact disk with complete copies of the conditionally-approved Disclosure Statement and all its appendices, including the Plan; (b) a paper copy of the Combined Hearing Notice identifying the deadline and procedures for filing objections to confirmation of the Plan, and related issues; (c) a paper Ballot (and pre-addressed return envelope); (d) a paper instruction sheet detailing the use of the compact disk and alternative means of obtaining electronic or paper copies of the compact disk's contents; and (e) a letter from the Committee recommending unsecured creditors vote in favor of the Plan.

42.     The Debtor's counsel will inspect, monitor, and supervise the solicitation process, serve as the recipient and tabulator of the ballots, and certify to the Court the results of the balloting.

43.     The Debtor proposes to e-mail or mail each creditor or equity holder, as the case may be, in Classes 1 and 5 a copy of the Combined Hearing Notice, which includes instructions on how to receive a copy of the Plan and Disclosure Statement on written request.

44.     No interested party will be prejudiced by the proposed notice procedures. All of the Debtor's impaired creditors entitled to vote will receive copies of the Disclosure Statement and Plan. The Disclosure Statement and Plan have been filed with the Court and can be obtained through this Court's ECF notification e-mails. Additionally, the Disclosure Statement and Plan can be obtained by any interested party on written request to the Debtor at the following address:

Squire Sanders (US) LLP
1 E. Washington Street, #2700
Phoenix, Arizona 85004
(602) 528-4810
Attn: Karen Graves
E-Mail: karen.graves@squiresanders.com

45.     The foregoing notice procedures constitute adequate notice of the Combined Hearing to consider Plan confirmation and the Confirmation Objection Deadline, and comply with the Bankruptcy Rules and the Local Rules. Consequently, the Debtor respectfully requests that the Bankruptcy Court approve the form and manner of service of the proposed notice.

46.     The Debtor anticipates that a number of notices may be returned by the U.S. Postal Service as undeliverable. The Debtor believes that it would be unduly costly and wasteful to mail Solicitation Packages to the same addresses to which undeliverable notices were mailed. Therefore, the Debtor seeks the Bankruptcy Court's approval for a departure from the strict notice rule, excusing the Debtor from mailing Solicitation Packages to those entities listed at such addresses unless the Debtor is provided with accurate addresses for such entities.

**H.      Procedures for Vote Tabulation**

47.     Bankruptcy Code § 1126(c) provides:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c). Bankruptcy Rule 3018(a) provides that the "court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan."

48.     Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a claim, and without prejudice to the rights of

the Debtor in any other context, the Debtor proposes that each claim within a class of claims entitled to vote to accept or reject the Plan be temporarily allowed in an amount equal to the lesser of: (a) the amount of such claim as set forth in the schedules of assets and liabilities filed by the Debtor, as required by Bankruptcy Code § 521, and all amendments thereto (the "**Schedules**"); and (b) the amount of such claim as set forth in a timely-filed proof of claim. The foregoing general procedure would be subject to the following exceptions:

    a.    If a claim is deemed allowed in accordance with the Plan, such claim is temporarily allowed for voting purposes in the deemed allowed amount;

    b.    If the Debtor and a holder of a claim have agreed to allow such holder's claim in a particular amount for voting purposes only and have filed with the Bankruptcy Court a stipulation memorializing such agreement by the Voting Deadline, such claim is temporarily allowed for voting purposes only in the stipulated amount, **but**:

        (1)  no claim is to be temporarily allowed for voting purposes in accordance with this provision unless the Bankruptcy Court approved such stipulation on notice and a hearing; and

        (2)  the Bankruptcy Court will approve, without conducting a hearing, any such stipulation duly executed, filed with the Bankruptcy Court, and served on appropriate parties, and not objected to by the Voting Deadline;

    c.    If a claim for which a proof of claim has been timely filed is marked as contingent, unliquidated, or disputed on its face, or the claim for which a proof of claim has been timely filed is listed as contingent, unliquidated, or disputed on the Schedules, either in whole or in part, such claim is temporarily allowed for voting purposes at the lesser amount of:

        (1)  the amount stated in the proof of claim, irrespective of any designation as contingent, unliquidated, or disputed;

        (2)  the amount stated for such claim in the Schedules, irrespective of any designation as contingent, unliquidated, or disputed; or

        (3)  an amount set forth in a stipulation, approved by an order of the Bankruptcy Court, between the holder of such claim and the Debtor;

d. If a claim has been estimated or otherwise allowed for voting purposes by order of the Bankruptcy Court, such claim is temporarily allowed in the amount so estimated or allowed by the Court;

e. If a claim has been made subject to a pending objection by the Debtor or any other party-in-interest under Bankruptcy Code § 502(a) and Bankruptcy Rule 3007, where such objection remains unresolved as of the Voting Deadline, such claim is temporarily disallowed for voting purposes under the Plan, except to the extent the Bankruptcy Court orders otherwise as of the date set for the Combined Hearing; and

f. If a claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not timely filed, such claim is temporarily disallowed for voting purposes under the Plan.

49. The Debtor believes that the foregoing proposed procedures (the "**Voting Procedures**") provide for a fair and equitable voting process. If the Debtor objects to the allowance of a Ballot for voting purposes, the Debtor proposes that such objection be filed no later than three business days after the Voting Deadline, and a hearing to determine the allowance of such Ballot for voting purposes be held on or before the date set for the Combined Hearing. Furthermore, the Debtor requests that: (a) whenever a creditor casts more than one Ballot voting the same claim before the Voting Deadline, the last Ballot received before the Voting Deadline be deemed to reflect the voter's intent and thus to supersede any prior Ballots; and (b) creditors be required to vote all of their claims within a particular class under the Plan either to accept or reject the Plan and not be permitted to split their vote, and thus, a Ballot that partially rejects and partially accepts the Plan not be counted.

## CONCLUSION

For the above reasons, the Debtor respectfully requests that the Bankruptcy Court enter the Disclosure Statement Order in the form attached as Exhibit A granting the relief requested in this Motion, and such other relief the Bankruptcy Court deems appropriate.

Dated November 18, 2013.

**SQUIRE SANDERS (US) LLP**

By:    _/s/ Bradley A. Cosman_
       Thomas J. Salerno
       Bradley A. Cosman
       K. Derek Judd
One East Washington Street, Suite 2700
Phoenix, Arizona 85004
(602) 528-4000

Counsel to the Debtor-In-Possession

**EXHIBIT A**

**PROPOSED DISCLOSURE STATEMENT ORDER**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF ARIZONA**

| In re | Chapter 11 Case |
|---|---|
| APACHE JUNCTION HOSPITAL, LLC, | Case No. 4:13-bk-18188-EWH |
| Debtor. | **ORDER:** |
| | **(A) CONDITIONALLY APPROVING DISCLOSURE STATEMENT;** |
| | **(B) AUTHORIZING SOLICITATION OF VOTES ON PLAN;** |
| | **(C) APPROVING SOLICITATION PROCEDURES;** |
| | **(D) SCHEDULING EVIDENTIARY HEARING ON CONFIRMATION OF PLAN; AND** |
| | **(E) APPROVING FORM, MANNER AND SUFFICIENCY OF NOTICE** |
| | **Proposed Combined Confirmation and Disclosure Statement Hearing Date:  As soon as December 23, 2013** |

On the motion dated November 18, 2013 (the "**Motion**")[1] of the above-captioned debtor-in-possession (the "**Debtor**") for entry of an order, under §§ 1125 and 1128,[2] and Rules 2002,

---

[1]      All capitalized terms not defined in this Order have the same meanings ascribed to them in the Motion.

Case 4:13-bk-18188-EWH    Doc 99    Filed 11/18/13    Entered 11/18/13 12:38:20    Desc
Main Document      Page 20 of 32

3017, 3018, 3020, and 9006, and Local Bankruptcy Rule 9014-2 (a) conditionally approving the *Disclosure Statement in Support of Amended Joint Plan* (the "**Disclosure Statement**") [D.E. 98] to be used in connection with the solicitation of votes to accept or reject the *Amended Joint Plan* (the "**Plan**") [D.E. 97], which was jointly filed by the Debtor and the Official Committee of Unsecured Creditors (the "**Committee**") on November 18, 2013; (b) authorizing solicitation of votes on the Plan; (c) approving solicitation procedures for voting on the Plan (the "**Solicitation**"); (d) scheduling a combined hearing to consider final approval of the Disclosure Statement and evidentiary hearing for confirmation of the Plan (the "**Combined Hearing**"); and (e) approving the form, manner, and sufficiency of notice; this Court finds that: (i) the Court has jurisdiction over the matters raised in the Motion under 28 U.S.C. §§ 157 and 1334; (ii) venue of this matter is proper under 28 U.S.C. §§ 1408 and 1409; (iii) this matter is a core proceeding under 28 U.S.C. § 157(b)(2); (iv) the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors, and other parties-in-interest; (v) any objections to the Motion have either been resolved or are hereby overruled; (vi) adequate and proper notice of the Motion has been given, and no other or further notice is necessary; and (vii) good and sufficient cause exists for granting the relief requested in the Motion as set forth in this Order.

      **IT IS ORDERED** THAT:

      1.     The Motion is GRANTED, in accordance with the terms stated in this Order.

      2.     The Disclosure Statement contains adequate information as that term is defined in Bankruptcy Code § 1125 and is **_conditionally_** approved to be used in connection with the post-petition solicitation of votes to accept or reject the Plan.

---

[2]     Unless otherwise indicated, all chapter and section references in this Motion are to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* All "Rule" references are to the Federal Rules of Bankruptcy Procedure

3.     The Combined Hearing Notice attached to this Order as Exhibit A is approved.

4.     The form of the Ballots attached to this Order as Exhibit B is hereby approved.

5.     The Debtor is authorized to engage in the solicitation of votes on the Plan.

6.     The Debtor is directed to mail Solicitation Packages consisting of: (a) a compact disk with complete copies of the conditionally-approved Disclosure Statement and all its appendices, including the Plan; (b) a paper copy of the Combined Hearing Notice identifying the deadline and procedures for filing objections to confirmation of the Plan, and related issues; (c) a paper Ballot (and pre-addressed return envelope); (d) a paper instruction sheet detailing the use of the compact disk and alternative means of obtaining electronic or paper copies of the compact disk's contents; and (e) a letter from the Committee recommending unsecured creditors vote in favor of the Plan.

7.     The Debtor must mail the Solicitation Packages to: (1) the Office of the United States Trustee of the District of Arizona; and (2) each individual or entity that holds a claim or interest that is impaired under the Plan and entitled to vote under the Plan. The Debtor is instructed to e-mail or mail the Combined Hearing Notice to all creditors not entitled to vote on the Plan.

8.     All Ballots must be properly executed, completed and delivered to counsel for the Debtor by: (i) first class mail; (ii) overnight by courier; or (iii) by personal delivery so that it is received by no later than **5:00 p.m. (Arizona Time) on** _____**, 2013**, at the following address:

> **Apache Junction Hospital Plan Voting**
> **Squire Sanders (US), LLP**
> **Attn: Karen Graves**
> **1 East Washington, Suite 2700**
> **Phoenix, Arizona 85004**

9. The Debtor's proposed Voting Procedures set forth in the Motion are approved.

10. If the Debtor objects to the allowance of a Ballot for voting purposes, the Debtor must file such objection no later than three business days after the Voting Deadline and request a hearing to determine the allowance of such Ballot for voting purposes to be held on or before the date of the Combined Hearing.

11. The Combined Hearing will take place before this Court on _____, **2013 at _____ __.m. Arizona Time**.

12. The form, manner and sufficiency of notice of the Combined Hearing as set forth in the Motion are approved.

13. The last date to file objections to confirmation of the Plan or final approval of the Disclosure Statement is _____, **2013 at 5:00 p.m. Arizona Time**, unless further extended by order of the Court (the "**Confirmation Objection Deadline**").

14. Any responses or objections to confirmation of the Plan must: (a) be in writing; (b) state the name and address of the objecting party and the nature and amount of the claim or interest of that party; (c) state, with particularity, the bases for the objections and include, where appropriate, proposed language for any modification to the Plan; (d) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Court; (e) be filed, together with proof of service, with the Court (electronically by registered users of the Court's ECF system); and, (f) be served on (i) Squire Sanders (US) LLP, 1 East Washington, Suite 2700, Phoenix, Arizona 85004, <u>Attn: Thomas J. Salerno, Esq. and Bradley A. Cosman, Esq.</u>, counsel for the Debtor; (ii) Elliott Greenleaf, The I.M. Pei Building, 1105 North Market Street, Suite 1700, Wilmington, DE 19801, <u>Attn: Rafael X. Zahralddin-Aravena, Esq. and Jonathan M. Stemerman, Esq.</u>, counsel for the Committee; and (iii) the Office of the United States Trustee for the District

Case 4:13-bk-18188-EWH    Doc 99    Filed 11/18/13    Entered 11/18/13 12:38:20    Desc
Main Document    Page 23 of 32

of Arizona, 230 North First Avenue, Suite 204, Phoenix, Arizona 85003, <u>Attn: Larry L. Watson, Esq</u>.

15.     The Court may only consider timely filed written objections to confirmation of the Plan and all objections not timely filed and served in accordance with the provisions of this Order may be deemed waived.

16.     The Debtor is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

19.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**SIGNED AND DATED ABOVE**

**EXHIBIT B**

**COMBINED HEARING NOTICE**

Thomas J. Salerno (AZ Bar No. 007492) thomas.salerno@squiresanders.com
Bradley A. Cosman (AZ Bar No. 026223) bradley.cosman@squiresanders.com
K. Derek Judd (AZ Bar No. 028565) derek.judd@squiresanders.com
**SQUIRE SANDERS (US) LLP**
One East Washington Street, Suite 2700
Phoenix, Arizona 85004
(602) 528-4000

Counsel to Debtor-In-Possession

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Case No. 4:13-bk-18188-EWH |
| APACHE JUNCTION HOSPITAL, LLC, | Chapter 11 |
| Debtor. | **NOTICE OF CONFIRMATION HEARING AND SOLICITATION OF VOTES ON PLAN** |
| | **Combined Hearing Date: _____, 2013**<br>**Hearing Time: _____**<br>**Hearing Location: Phoenix** |
| | **Voting Deadline: On or before 5:00 p.m. _____, 2013 (Arizona Time)** |
| | **Confirmation Objection Deadline: On or before 5:00 p.m. _____, 2013 (Arizona Time)** |

**PLEASE TAKE NOTICE THAT:**

1. **Bankruptcy Petition**. APACHE JUNCTION HOSPITAL, LLC, (the "**Debtor**"), debtor-in-possession in the above-captioned chapter 11 case, filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**") on October 17, 2013 (the "**Petition Date**").

2. **Plan and Disclosure Statement Filing:** On November 18, 2013 the Debtor and the Official Committee of Unsecured Creditors (the "**Committee**") jointly filed with the Bankruptcy Court their *Amended Joint Plan* (the "**Plan**") [D.E. 97], and a corresponding proposed disclosure statement providing information with respect to the Plan (the "**Disclosure Statement**") [D.E. 98].

3.     **Conditional Approval of Disclosure Statement and Approval of Solicitation Procedures**. On _____, 2013, the Bankruptcy Court entered an order (the "**Disclosure Statement Order**"): (i) conditionally approving the Disclosure Statement; (ii) authorizing the Debtor to commence the solicitation of votes to accept or reject the Plan (the "**Solicitation**"); (iii) approving solicitation procedures to be used by the Debtor in connection with the Solicitation; (iv) scheduling a combined hearing to consider final approval of the Disclosure Statement and evidentiary hearing for confirmation of the Plan (the "**Combined Hearing**"); and (v) approving the form, manner, and sufficiency of notice.

4.     **Parties-In-Interest Entitled to Vote**. Only holders of certain impaired claims or interests (*i.e.*, parties whose legal rights would be altered under the Plan) are entitled to vote under the Plan. As more specifically detailed in the Plan, the impaired claims entitled to vote on the Plan are Class 2 (General Unsecured Claims), Class 3 (Sierra Equities Claims), and Class 4 (De Lage Landen Claims). Class 5 is deemed impaired and will not receive or retain any property on account of the Plan, and is deemed to have rejected the Plan under § 1126(g). Class 1 is unimpaired under the Plan and deemed to accept the Plan under § 1126(f). Solicitation Packages will not be sent to unimpaired creditors because unimpaired creditors are not entitled to vote on the Plan.

5.     **Solicitation Packages for Voting Parties**. The Court has directed the Debtor to mail solicitation packages (the "**Solicitation Packages**") to holders of impaired claims and interests entitled to vote on the Plan. Solicitation Packages will consist of: (a) a compact disk with complete copies of the conditionally-approved Disclosure Statement and all its appendices, including the Plan; (b) a paper copy of the Combined Hearing Notice identifying the deadline and procedures for filing objections to confirmation of the Plan, and related issues; (c) a paper Ballot (and pre-addressed return envelope); (d) a paper instruction sheet detailing the use of the compact disk and alternative means of obtaining electronic or paper copies of the compact disk's contents; and (e) a letter from the Committee recommending unsecured creditors vote in favor of the Plan.

6.     **Voting Deadline**. All Ballots must be properly executed, completed and delivered to counsel for the Debtor by: (i) first class mail; (ii) overnight by courier; or (iii) by personal delivery so that it is received by no later than **5:00 p.m. (Arizona Time) on _____, 2013**, at the following address:

> **Apache Junction Hospital Plan Voting**
> **Squire Sanders (US) LLP**
> **Attn: Karen Graves**
> **1 East Washington, Suite 2700**
> **Phoenix, AZ 85004**

7.     **Plan Documents**. Parties not receiving a Solicitation Package may obtain copies of the Plan and Disclosure Statement upon written request to the Debtor's counsel, at Squire Sanders (US) LLP, 1 East Washington, Suite 2700, Phoenix, AZ 85004 (Attn: Karen Graves), 602.528.4000, karen.graves@squiresanders.com. Copies of the Plan and Disclosure Statement are also on file with the Clerk of the United States Bankruptcy Court, 230 North First Avenue, Suite 101, Phoenix, Arizona 85003-1706, and may be reviewed during the regular hours

of the Bankruptcy Court. They are also obtainable by accessing them on-line through the Internet website of the United States Bankruptcy Court for the District of Arizona (www.azb.uscourts.gov/). A password is needed to access case files. Details on how to obtain a password are available at the Court's website.

8. **Combined Hearing.** In accordance with the Disclosure Statement Order, a hearing to consider final approval of the disclosure statement and an evidentiary hearing to consider confirmation of the Plan (the "**Combined Hearing**") will be held before the Honorable Eileen W. Hollowell, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Arizona, 230 North First Avenue, Phoenix, Arizona 85003, Courtroom #____, on _____, 2013 at _____ __.m. (**Arizona Time**).

9. **Objections to Confirmation.** Any responses or objections to confirmation of the Plan must: (a) be in writing; (b) state the name and address of the objecting party and the nature and amount of the claim or interest of that party; (c) state, with particularity, the bases for the objections and include, where appropriate, proposed language for any modification to the Plan; (d) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Court; (e) be filed, together with proof of service, with the Court (in person, or electronically by registered users of the Court's ECF system); and, (f) be served on: (i) Squire Sanders (US) LLP, 1 East Washington, Suite 2700, Phoenix, Arizona 85004, <u>Attn: Thomas J. Salerno, Esq. and Bradley A. Cosman, Esq.</u>, counsel for the Debtor; (ii) Elliott Greenleaf, The I.M. Pei Building, 1105 North Market Street, Suite 1700, Wilmington, DE 19801, <u>Attn: Rafael X. Zahralddin-Aravena, Esq. and Jonathan M. Stemerman, Esq.</u>, counsel for the Committee; and (iii) the Office of the United States Trustee for the District of Arizona, 230 North First Avenue, Suite 204, Phoenix, Arizona 85003, <u>Attn: Larry L. Watson, Esq</u>, **so as to be received by the Court and the above-listed parties no later than 5:00 p.m. (Arizona Time) on _____, 2013**.

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT WILL NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

Dated: November 18, 2013

SQUIRE SANDERS (US) LLP

By: _/s/ Bradley A. Cosman_
       Thomas J. Salerno
       Bradley A. Cosman
       K. Derek Judd
One East Washington Street, Suite 2700
Phoenix, Arizona 85004
(602) 528-4000

Counsel to the Debtor-In-Possession

**EXHIBIT C**

**BALLOTS**

21

In re

**APACHE JUNCTION HOSPITAL, LLC,**

      **Debtor.**

Chapter 11

Case No. 4:13-bk-18188-EWH

## CLASS 2 BALLOT FOR ACCEPTING OR REJECTING PLAN

The above-captioned Debtor (the "**Debtor**") and the Official Committee of Unsecured Creditors (the "**Committee**") have filed the *Amended Joint Plan* (as may be amended, corrected, modified, or supplemented, the "**Plan**",[1] and the *Disclosure Statement In Support of Amended Joint Plan* (as may be amended, corrected, modified, or supplemented, the "**Disclosure Statement**") on November 18, 2013. On _____, 2013, the Bankruptcy Court entered an order conditionally approving the Disclosure Statement (the "**Order**"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. The Bankruptcy Court's conditional approval of the Disclosure Statement does not indicate the Bankruptcy Court's approval of the Plan. The Debtor is soliciting the votes of holders of Claims with respect to the Plan attached as Exhibit 1 to the Disclosure Statement.

If you do not have copies of the Disclosure Statement, the Plan, or any of the other materials in the Solicitation Package, you may obtain a copy by contacting the Debtor's counsel, Squire Sanders (US) LLP, Attn: Karen Graves, Paralegal, One East Washington Street, Suite 2700, Phoenix, AZ 85004, Telephone: (602) 528-4000, Facsimile: (602) 253-8129.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your Claim has been placed in Class 2 under the Plan.**

**If your ballot is not received by Karen Graves, Squire Sanders (US) LLP, One East Washington Street, Suite 2700, Phoenix, AZ 85004 on or before _____, 2013, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**

## ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a Class 2 Claim against the Debtor (exclusive of interest) of $ _____:

(Check one box only): ☐     **ACCEPT** Plan         ☐     **REJECT** Plan

Dated: _____

Claim Holder: _____
Name of Signer: _____
Signature: _____
Title (if corporation or partnership): _____
Address: _____

### RETURN THIS BALLOT BY MAIL, OVERNIGHT DELIVERY, OR HAND DELIVERY <u>ONLY</u> TO:
Apache Junction Hospital Plan Voting, Squire Sanders (US) LLP, One East Washington Street, Suite 2700, Phoenix, AZ 85004

---

[1]     Capitalized terms used but not defined in this Ballot have the meanings set forth in the Plan.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

In re

**APACHE JUNCTION HOSPITAL, LLC,**

_____

                    **Debtor.**

_____

**Chapter 11**

**Case No. 4:13-bk-18188-EWH**

## CLASS 3 BALLOT FOR ACCEPTING OR REJECTING PLAN

The above-captioned Debtor (the "**Debtor**") and the Official Committee of Unsecured Creditors (the "**Committee**") have filed the _Amended Joint Plan_ (as may be amended, corrected, modified, or supplemented, the "**Plan**"),[1] and the _Disclosure Statement In Support of Amended Joint Plan_ (as may be amended, corrected, modified, or supplemented, the "**Disclosure Statement**") on November 18, 2013. On _____, 2013, the Bankruptcy Court entered an order conditionally approving the Disclosure Statement (the "**Order**"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. The Bankruptcy Court's conditional approval of the Disclosure Statement does not indicate the Bankruptcy Court's approval of the Plan. The Debtor is soliciting the votes of holders of Claims with respect to the Plan attached as Exhibit 1 to the Disclosure Statement.

If you do not have copies of the Disclosure Statement, the Plan, or any of the other materials in the Solicitation Package, you may obtain a copy by contacting the Debtor's counsel, Squire Sanders (US) LLP, Attn: Karen Graves, Paralegal, One East Washington Street, Suite 2700, Phoenix, AZ 85004, Telephone: (602) 528-4000, Facsimile: (602) 253-8129.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your Claim has been placed in Class 3 under the Plan.**

**If your ballot is not received by Karen Graves, Squire Sanders (US) LLP, One East Washington Street, Suite 2700, Phoenix, AZ 85004 on or before _____, 2013, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**

### ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a Class 3 Claim against the Debtor (exclusive of interest) of $ _____:

(Check one box only): ☐  **ACCEPT** Plan          ☐  **REJECT** Plan

Dated: _____

Claim Holder: _____
Name of Signer: _____
Signature: _____
Title (if corporation or partnership): _____
Address: _____
           _____

### RETURN THIS BALLOT BY MAIL, OVERNIGHT DELIVERY, OR HAND DELIVERY <u>ONLY</u> TO:
Apache Junction Hospital Plan Voting, Squire Sanders (US) LLP, One East Washington Street, Suite 2700, Phoenix, AZ 85004

---

[1]        Capitalized terms used but not defined in this Ballot have the meanings set forth in the Plan.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br>**APACHE JUNCTION HOSPITAL, LLC,**<br><br>　　　　　　Debtor. | **Chapter 11**<br>**Case No. 4:13-bk-18188-EWH** |

## CLASS 4 BALLOT FOR ACCEPTING OR REJECTING PLAN

The above-captioned Debtor (the "**Debtor**") and the Official Committee of Unsecured Creditors (the "**Committee**") have filed the *Amended Joint Plan* (as may be amended, corrected, modified, or supplemented, the "**Plan**"),[1] and the *Disclosure Statement In Support of Amended Joint Plan* (as may be amended, corrected, modified, or supplemented, the "**Disclosure Statement**") on November 18, 2013. On _____, 2013, the Bankruptcy Court entered an order conditionally approving the Disclosure Statement (the "**Order**"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. The Bankruptcy Court's conditional approval of the Disclosure Statement does not indicate the Bankruptcy Court's approval of the Plan. The Debtor is soliciting the votes of holders of Claims with respect to the Plan attached as Exhibit 1 to the Disclosure Statement.

If you do not have copies of the Disclosure Statement, the Plan, or any of the other materials in the Solicitation Package, you may obtain a copy by contacting the Debtor's counsel, Squire Sanders (US) LLP, Attn: Karen Graves, Paralegal, One East Washington Street, Suite 2700, Phoenix, AZ 85004, Telephone: (602) 528-4000, Facsimile: (602) 253-8129.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your Claim has been placed in Class 4 under the Plan.**

**If your ballot is not received by Karen Graves, Squire Sanders (US) LLP, One East Washington Street, Suite 2700, Phoenix, AZ 85004 on or before _____, 2013, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**

## ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a Class 4 Claim against the Debtor (exclusive of interest) of $ _____:

(Check one box only): ☐　　**ACCEPT** Plan　　　　☐　　**REJECT** Plan

Dated: _____

Claim Holder: _____
Name of Signer: _____
Signature: _____
Title (if corporation or partnership): _____
Address: _____
_____

## RETURN THIS BALLOT BY MAIL, OVERNIGHT DELIVERY, OR HAND DELIVERY <u>ONLY</u> TO:
Apache Junction Hospital Plan Voting, Squire Sanders (US) LLP, One East Washington Street, Suite 2700, Phoenix, AZ 85004.

---

[1]　　Capitalized terms used but not defined in this Ballot have the meanings set forth in the Plan.